Michael S. Kun (SBN 208684)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: (310) 556-8861
Facsimile: (310)-553-2165
mkun@ebglaw.com

Attorneys for Defendant
GRACE HOLMES, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MADRIZ-RIVAS, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>GRACE HOLMES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 5:24-cv-07061<br><br>**DEFENDANT GRACE HOLMES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(D) [CLASS ACTION FAIRNESS ACT OF 2005]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Grace Holmes, Inc. ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the above-captioned action, *Luis Madriz-Rivas, vs. Grace Holmes, Inc.,* Case No. 24CV446239, from the Superior Court of the State of California for the County of Santa Clara ("State Court Action") to the United States District Court for the Northern District of California. Jurisdiction is invoked pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiff Luis Madriz-Rivas ("Plaintiff") is a citizen of a state different than Defendant, and the amount in controversy exceeds $5,000,000.00, exclusive of costs and interest.

- 1 -

## I. PLEADINGS, PROCESS AND ORDERS

1.     On or about August 30, 2024, Plaintiff commenced the above-captioned action against Defendant in the Superior Court of the State of California, County of Santa Clara. The action is entitled *Luis Madriz-Rivas, vs. Grace Holmes, Inc.*, and was assigned Case No. 24CV446239. True and correct copies of the original summons, Complaint and related documents that were served upon Defendant on September 9, 2024 are attached hereto collectively as **Exhibit 1**.

2.     Exhibit 1 constitutes all of the process, pleadings and orders served on Defendant in the State Court Action.

3.     On October 7, 2024, Defendant filed and served its answer in the State Court Action.  Attached as **Exhibit 2** is a copy of the answer, which constitutes all of the pleadings and other papers served by Defendant in the State Court Action.

## II. BASIS FOR REMOVAL

4.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the United States District Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that it is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

5.     CAFA was enacted to expand federal jurisdiction over purported class actions. It provides that a purported class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.00. 28 U.S.C. §§ 1332(d), 1453(b).

6.     As explained more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiffs, on behalf of themselves and all members of the putative class.  Because Plaintiff's action could have been filed in this Court, Defendant may remove it pursuant to 28 U.S.C. § 1441.

DEFENDANT GRACE HOLMES, INC.'S NOTICE OF REMOVAL OF ACTION

**A.    Size of the Proposed Class**

7.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

8.    Plaintiff seeks to represent all of the Defendant's non-exempt employees in California beginning four years before the filing of the Complaint (on August 30, 2024). (Complaint ¶ 25.)

9.    Defendant has employed approximately 1,294 non-exempt employees in California since August 30, 2020.  (Von-Heill Decl., ¶ 5.)  Accordingly, the putative class has more than 100 members.

**B.    Citizenship**

10.    CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)) is also satisfied here.

11.    Plaintiff avers in his Complaint that he is a resident of San Francisco, California. (Complaint, ¶ 7.) In addition, information supplied to Defendant by Plaintiff and maintained in Defendant's files reflects that Plaintiff has lived and worked in California since at least 2007. (Von-Heill Decl., ¶ 6.) These facts are indicia of Plaintiff's California citizenship.  *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have changed."); *CarMax Auto Superstores CA LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091, fn. 38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state"); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (noting that the factors relevant to domicile determination include residence and place of employment; *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (observing "that the party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change").

12.    "In determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and

DEFENDANT GRACE HOLMES, INC.'S NOTICE OF REMOVAL OF ACTION

FIRM:65748726v1

of the State where it has its principal place of business." *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (internal citations omitted).

13.     Defendant is a corporation formed under the laws of Delaware and has its principal place of business in New York. (Von-Heill Decl., ¶ 2.)

14.     For these reasons, the requirements for diversity jurisdiction are met because Plaintiff and Defendant are citizens of different states.

### C.     <u>Amount In Controversy</u>

15.     A notice of removal need only provide a "'plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  As the Ninth Circuit has explained, "the amount in controversy is not limited to damages incurred prior to removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018).  "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Id.* at 414–415.

16.     In his Complaint, Plaintiff allege, *inter alia*, that he and the persons he seeks to represent were not paid for all time worked, were not provided compliant meal periods, were not provided compliant rest periods, were not timely paid final wages, were not provided accurate wage statements, and were not reimbursed for business expenses. (Complaint.)  He seeks damages, penalties and attorney's fees. (*Id.*)

17.     CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, is satisfied here.  Although Defendant disputes liability and damages, the damages Plaintiff claims for himself and the putative class exceed $5,000,000.00.

18.     If challenged to do so by Plaintiff or this Court, Defendant can and will present evidence to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum of $5,000,000.00.  *Dart Cherokee Basin,* 574 U.S. at 87 (explaining that a removing defendant need only present a short and plain statement of the grounds for federal

FIRM:65748726v1

jurisdiction in its removal papers and need not present evidence to establish the amount in controversy until challenged to do so).

**III.    <u>TIMELINESS OF REMOVAL</u>**

This notice of removal is being timely filed within 30 days of September 9, 2024, the date on which the summons and Complaint were served upon Defendant.

DATED: October 8, 2024                    EPSTEIN BECKER & GREEN, P.C.

By:    _/s/ Michael S. Kun_
Michael S. Kun

Attorneys for Defendant
GRACE HOLMES, INC.

DEFENDANT GRACE HOLMES, INC.'S NOTICE OF REMOVAL OF ACTION

FIRM:65748726v1