UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MADRIZ-RIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>GRACE HOLMES, INC.,<br><br>    Defendant. | Case No. 24-cv-07061-NC<br><br>**ORDER TO SHOW CAUSE ESTABLISHING JURISDICTIONAL REQUIREMENTS UNDER CAFA**<br><br>Re: ECF 1 |

Defendant Grace Holmes, Inc. filed a notice of removal in this matter pursuant to the Class Action Fairness Act of 2005 (CAFA). ECF 1 ¶¶ 4–6. Defendant's notice of removal falls far short of establishing one of the basic jurisdictional elements required by CAFA. As such, the Court orders Defendant to show cause establishing the amount in controversy by a preponderance of the evidence such that the Court has jurisdiction of this matter and removal is proper.

Under 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b), a defendant may remove a class action from state to federal court if: (1) any member of the putative class is a citizen of different state or foreign country than the defendant; (2) the putative class size is not less than 100 members; and (3) the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

A defendant's notice of removal must contain "a short and plain statement of the

grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," which is a liberal pleading standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Nonetheless, "CAFA does impose specific requirements that must be satisfied before federal jurisdiction is conferred. Therefore, we must balance the need for restraint with our obligation to ensure that subject-matter jurisdiction exists." *Moe v. Geico Indem. Co.*, 73 F.4th 757, 762–63 (9th Cir. 2023) (discussing the Supreme Court's instruction that "no antiremoval presumption attends cases invoking CAFA," such that courts should only challenge a removing defendant's allegations of jurisdiction sparingly).

Defendant's allegations as to the amount in controversy fail to meet even the liberal plausibility standard required of a "short and plain statement." *See Dart*, 574 U.S. at 87, 89. Plaintiff's complaint does not allege any monetary amounts that suggest an amount in controversy. ECF 1, Ex. 1. Defendant's notice of removal recounts the categories of damages sought by Plaintiff, but otherwise includes only one conclusory allegation: "CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, is satisfied here." ECF 1 ¶¶ 16–17. Defendant is correct that it did not need to present evidence with its removal papers, *see* ECF 1 ¶¶ 15, 18, but its barebones allegation that the amount in controversy is met is not "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In contrast, other notices of removal before courts in the Ninth Circuit have alleged estimates of the amount in controversy using calculations based on reasonable assumptions. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1028–29 (C.D. Cal. 2017).

Where, as here, the amount in controversy alleged by a defendant is "questioned by the court," both parties "must have an opportunity to 'submit proof,' and the defendant has the burden to show that the amount-in-controversy requirement is met by a preponderance

of the evidence." *Moe*, 73 F.4th at 762 (citing *Dart*, 574 U.S. at 88, and 28 U.S.C. § 1446(c)(2)(B)).

The Court therefore orders Defendant to show cause in writing and through the submission of appropriate evidence by October 24, 2024, establishing that the amount in controversy in this matter meets the jurisdictional requirements of CAFA. Plaintiff may file a response and provide evidence by November 7, 2024.

**IT IS SO ORDERED.**

Dated:  October 10, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge